1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 JERRY SMITH,                 )   No. C 14-01938 EJD (PR)
                               )
12         Plaintiff,      )   ORDER OF SERVICE; TERMINATING
                               )   DEFENDANT CHAPELL FROM THIS
13  v.                      )   ACTION; DIRECTING DEFENDANT
                               )   JACKSON TO FILE DISPOSITIVE
14                              )   MOTION OR NOTICE REGARDING
S. JACKSON, et. al.,       )   SUCH MOTION; INSTRUCTIONS TO
15                              )   CLERK
        Defendants.    )
16 _____)

17
18

19        Plaintiff, a state prisoner at San Quentin State Prison, filed the instant civil rights

20 action in pro se pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in

21 forma pauperis will be granted in a separate written order.

22

23                              **DISCUSSION**

24 **A.**    **Standard of Review**

25        A federal court must conduct a preliminary screening in any case in which a

26 prisoner seeks redress from a governmental entity or officer or employee of a

27 governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

28 any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

1  claim upon which relief may be granted or seek monetary relief from a defendant who is

2  immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be

3  liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

4  1988).

5         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

6  elements: (1) that a right secured by the Constitution or laws of the United States was

7  violated, and (2) that the alleged violation was committed by a person acting under the

8  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

9  **B.      Plaintiff's Claims**

10        Plaintiff claims that his right to due process was violated during a disciplinary

11  hearing on February 8, 2013, when the senior hearing officer, Defendant S. Jackson,

12  failed to provide Plaintiff with a "detail[ed] written statement... as to the evidence relied

13  on [ ] for the disciplinary actions."  (Compl. at 3.)  Plaintiff was found guilty of

14  "possession of gambling paraphernalia" and assessed 30 days forfeiture of credit.

15  Liberally construed, Plaintiff states a cognizable procedural due process claim under

16  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

17        Plaintiff also names Warden Kevin Chapell as a defendant, claiming he was made

18  aware of Plaintiff's claim against Defendant Jackson, but makes no further factual

19  allegations against him.  A supervisor may be liable under section 1983 upon a showing

20  of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal

21  connection between the supervisor's wrongful conduct and the constitutional violation.

22  Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing Starr v. Baca, 652

23  F.3d 1202, 1207 (9th Cir. 2011)); Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).

24  Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can

25  show that the defendant proximately caused the deprivation of a federally protected right.

26  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664

27  F.2d 1121, 1125 (9th Cir. 1981).  Plaintiff makes no allegation that Warden Chapell was

28  either directly involved in the disciplinary hearing at issue or was in any way directly

involved with the alleged misconduct by Defendant Jackson.  Furthermore, under no

circumstances is there respondeat superior liability under section 1983.  Or, in layman's

terms, under no circumstances is there liability under section 1983 solely because one is

responsible for the actions or omissions of another.  See <u>Taylor v. List</u>, 880 F.2d 1040,

1045 (9th Cir. 1989).  Accordingly, Defendant Chapell is DISMISSED from this action

for Plaintiff's failure to state a claim against him.


**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for

Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy

of the complaint, all attachments thereto, and a copy of this order upon **Defendant S.**

**Jackson** at **San Quentin State Prison,** (San Quentin, CA 94964)**.**  The Clerk shall also

mail a copy of this Order to Plaintiff.

The Clerk shall terminate Defendant Kevin Chapell from this action as there are no

claims against him.

2.      Defendant is cautioned that Rule 4 of the Federal Rules of Civil

Procedure requires them to cooperate in saving unnecessary costs of service of the

summons and the complaint.  Pursuant to Rule 4, if Defendant, after being notified of this

action and asked by the Court, on behalf of Plaintiff, to waive service of the summons,

fails to do so, he will be required to bear the cost of such service unless good cause shown

for their failure to sign and return the waiver form.  If service is waived, this action will

proceed as if Defendant had been served on the date that the waiver is filed, except that

pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer

before **sixty (60) days** from the day on which the request for waiver was sent.  (This

allows a longer time to respond than would be required if formal service of summons is

necessary.)  Defendant is asked to read the statement set forth at the foot of the waiver

form that more completely describes the duties of the parties with regard to waiver of

service of the summons.  If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due **sixty  (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

  3.  No later than **ninety (90) days** from the date of this order, Defendant shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

    a.  Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b.  **In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  <u>See Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

  4.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **twenty-eight (28) days** from the date Defendant's motion is filed.

  Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  <u>See</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

5.      Defendant <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7.      All communications by the Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10.      Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED: _____8/5/2014_____

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JERRY SMITH,

                Plaintiff,

   v.

S. JACKSON, et al.,

                Defendants.

_____/

Case Number: CV14-01938 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____8/5/2014_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jerry Eugene Smith H-44485
San Quentin State Prison
San Quentin, CA 94964

Dated: _____8/5/2014_____

                    Richard W. Wieking, Clerk
        /s/  By: Elizabeth Garcia, Deputy Clerk